HOAGLAND BROTHERS AND OTHERS, APPELLEES, V. W. F. WILSON AND WIFE, APPELLANTS.

**Husband and Wife:** CONVEYANCE: CREDITOR'S BILL. A conveyed land to B to secure a debt, and required him upon the payment thereof to convey to the wife of A. A thereupon contracted debts upon the faith that he was the owner of land. He paid the amount due B, and had the land conveyed to his (A's) wife, but the deed was not recorded until after the debts in question were contracted. A creditor's bill being filed to subject the land to the payment of the debts, it was *Held*, Liable.

APPEAL from the district court of Gage county. Heard below before DAVIDSON, J., on exceptions to report of W. R. Kelly, Esq., referee.

*Lamb, Ricketts & Wilson*, for appellants, contended that it is not enough to show that the conveyance was made without consideration and for the purpose of placing the property beyond the hazard of business; it must be further shown that the conveyance was made with the expectation of contracting debts, and at the same time intending never to pay them. *Lyman v. Cessford*, 15 Iowa, 229. Bump on Fraudulent Conveyances, 317. *Evans v. Lewis*, 30 O. S., 11. That if a husband converts his wife's separate property to his own use without her consent, this will be a good consideration for a transfer by him to her. Bump on Fraudulent Conveyances, 310. *Wiley v. Gray*, 36 Miss., 510. That the judgment of Hoagland Brothers was taken upon an account, which included items charged after the date of the conveyance, and they are therefore subsequent creditors. *Reed v. Woodman*, 4 Me., 400. *Usher v. Hazeltine*, Id., 471.

*N. C. Abbott*, for appellees, cited: *Weil v. Lankin*, 3, Neb., 284. *Jones v. Green*, 1 Wal., 331. *Case v. Phelps*, 39 N. Y., 164. *Wake v. Griffin*, 9 Neb., 47. Kelly on

Contracts Married Women, 143, 137. *Wilcoxon v. Morgan*, 2 Col. T., 473. *Carpenter v. Carpenter*, 25 N. J. Eq. 194. *Aultman v. Obermeyer*, 6 Neb., 264.

MAXWELL, J.

The plaintiffs are judgment creditors of W. F. Wilson, and brought this action to subject certain real estate in the name of Anna M. Wilson, the wife of W. F. Wilson, to the payment of their debts. The cause was referred by consent to a referee, who found in favor of the plaintiffs. The report was confirmed by the court, and the defendants, Wilson and wife, appeal.

It appears from the record that Wilson, who was a contractor in Lincoln, bought lumber and material of Hoagland Brothers from time to time between the 24th of March, 1880, and March 21st, 1881, to the amount of $613.99, upon which he had paid the sum of $400.73. That he had bought of the Chicago Lumber Co. lumber and material to the amount of $316.23, upon which he had paid the sum of $101.18. Judgment was recovered against him for these balances, and executions having been returned unsatisfied, this action was commenced. The record shows that in March, 1880, the title to the land in controversy was in W. F. Wilson. A judgment having been recovered against him, an execution was issued thereon, which was levied on this land. To give him further time to pay the debt, the attorney for the execution creditor in that case took a conveyance of the land to himself as security for the amount of the judgment, and at Wilson's request made a bond to Mrs. Wilson to convey said land to her upon the payment of the judgment. *This* judgment was paid about the 1st of June, 1880, and a deed made to Mrs. Wilson for the real estate in question. This deed was not filed for record until January 30th, 1882, after all these debts had been contracted. There was no change in the possession of the land, Wilson continuing

to lease the same, and to collect the rents and profits thereof after as before the conveyance, and held himself out as owner.

The record also shows that in the year 1858 W. F. Wilson and Annie M. were married in Pennsylvania; that Annie M. received of her own estate about $500, which W. F. reduced to possession; that in the year 1868 they removed to Nebraska; that in that year he purchased real estate in Johnson county and conveyed the same to his wife; that she afterwards exchanged this for land in Cuming county, which was afterwards traded for a team; that there was no contract between Wilson and wife that he should repay her the money received by him from her estate until the year 1880, when he informed her that he would convey the land in controversy to her. If we consider this as a *bona fide* attempt on the part of the husband to pay a just debt to his wife, still the equities of the creditors are superior to hers. She is not a *bona fide* purchaser, and paid no new consideration to obtain the title, while she permitted it to remain apparently as the property of her husband, thereby enabling him to obtain credit upon the belief that he was the owner of the land. The case is substantially the same as *Roy v. McPherson*, 11 Neb., 197. But it is pretty clear from the testimony, that the object of the transfer to his wife was to hinder if not defraud creditors.

The property still belonged to the husband, although placed in the name of the wife. That such property is liable for the debts of the real owner will not be questioned. It is unnecessary to note in detail the objections to the finding of the referee, as it is clear that they are right, and that justice has been done. The judgment must therefore be affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.